William Dorothy, Trustee, Defendant in Error, v. Ethel Salzberg, Plaintiff in Error.

Gen. No. 22,676.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed July 2, 1917.

### Statement of the Case.

Action of replevin by William Dorothy, trustee in bankruptcy of the estate of R. K. Maynard Piano Company, plaintiff, against Ethel Salzberg, defendant, to recover the possession of a piano which had been delivered by the bankrupt company to her. From a judgment for plaintiff, defendant brings error.

WILLIAM A. JENNINGS, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. FRAUDULENT CONVEYANCES, § 271*—*when evidence is sufficient to show fraudulent conveyance to father.* In an action of replevin by the trustee in bankruptcy of the estate of a company to recover a piano sold under a conditional sale contract to an employee of the bankrupt providing that title should remain in the seller until payment was made and that the piano might be retaken without notice if sold without consent of the seller, where it appeared that the defendant was a minor sixteen years of age at the time of making the contract; that she lived at her father's home until her marriage; that prior to her marriage she executed a bill of sale to her father; that following the marriage she lived in four rooms in the rear of the building occupied by her father, and that the piano was not moved from the premises, evidence *held* sufficient to show that the bill of sale was fraudulently executed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. INFANTS, § 12*—*when person may not take advantage of minority to commit fraud by making conveyance of property.* Although a person could refuse to perform a contract for the purchase of a piano on instalments because she was a minor at the time, still she cannot take advantage of the fact that the contract is not binding to commit a fraud on the seller by making a sale of the instrument to a third person.